# W. E. STEWART v. STATE.

No. A.-7693.   Opinion Filed March 14, 1931.
(296 Pac. 999.)

H. A. Johnson, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Noble county of having the unlawful possession of intoxicating liquor, and was sentenced to pay a fine of $150 and to be imprisoned in the county jail for 30 days.

The testimony in behalf of the state is in substance as follows:   F. H. Yeager, a deupty sheriff, together with other parties, went to the home of the defendant and searched his premises and found no intoxicating liquor on the premises.   They claimed they found a fruit jar in the sink that smelled like whisky.   They went up the alley a short distance from the defendant's premises, and in a paint box found a half gallon of whisky.   Neither of the officers knew to whom the whisky belonged, and testified that they did not see the defendant in possession of it. The only circumstance tending to connect the defendant with the whisky is that the tracks left defendant's place and went to an alley in the block.   From the testimony it is

shown that there are several houses in the block, and that there were tracks coming and going from the alley in different directions. There is no testimony whatever connecting the defendant with the paint box in the alley. At the close of the testimony, the defendant demurred to the same, and requested the court to return a verdict of not guilty, which demurrer was overruled and the defendant excepted.

Several errors have been assigned by the defendant as to why this case should be reversed. The only one that it is necessary to consider is that the court erred in overruling his motion for a new trial. The motion for a new trial contained the ground that the verdict was contrary to the evidence. The court erred in overruling the demurrer of the defendant to the evidence. There is no competent testimony to show the guilt of the defendant.

The case is reversed.

EDWARDS and CHAPPELL, JJ., concur.